**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class STEPHAN P. COLEMAN**
**United States Air Force**

**ACM S32318**

**9 August 2016**

Sentence adjudged 4 March 2015 by SPCM convened at Keesler Air Force Base, Mississippi. Military Judge: Matthew S. Ward (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 5 months, forfeiture of $1,031.00 pay per month for 12 months, and reduction to E-1.

Appellate Counsel for Appellant: Major Michael A. Schrama.

Appellate Counsel for the United States: Captain Sean J. Sullivan and Gerald R. Bruce, Esquire.

Before

MAYBERRY, BROWN, and KIEFER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

KIEFER, Judge:

Appellant was convicted by a military judge, pursuant to his pleas, of one specification of desertion terminated by apprehension in violation of Article 85, UCMJ, 10 U.S.C. § 885 and one specification of violation of a general order in violation of Article 92, UCMJ, 10 U.S.C. § 892. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 5 months, forfeiture of $1292.00 pay per month for 12 months, reduction to the grade of E-1, and a reprimand. The convening authority only approved so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for

5 months, forfeiture of $1031.00 pay per month for 12 months (after deferring forfeitures until action), reduction to the grade of E-1, and a reprimand.* Appellant alleges that his sentence was inappropriately severe and that he is entitled to relief for post-trial processing that allegedly violates the standard set forth in *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), by one day.

Finding no error that materially prejudices a substantial right of Appellant, we affirm the findings and sentence.

*Background*

While assigned to Keesler Air Force Base, Mississippi, Appellant was on leave away from his unit from late December 2014 through early January 2015. He was due to return to his unit on 12 January 2015, but that same day he attempted to enter Canada. Appellant was denied entry into Canada and was placed on a flight back to the United States. Once in the United States, Appellant failed to return to his unit and continued to remain away without authority and with the intent to remain away permanently.

On or about 18 January 2015, without authority, Appellant crossed the border into Juarez, Mexico. At the time of the border crossing, this area was under a travel restriction pursuant to a lawful general order by the commander of Air Education and Training Command, entitled "Mexico Travel Restrictions." Appellant was later apprehended by proper authorities in Panama while on a plane awaiting departure to Chile. As Appellant admitted within a stipulation of fact, the process of locating and apprehending him in a foreign country involved considerable time, money, and effort.

*Sentence Severity*

Appellant challenges the severity of his sentence. This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are

---

* A facially improper sentence was announced as the amount of forfeitures exceeded the maximum allowable based on Appellant's reduction to the grade of E-1. It appears the Government requested deferral of the forfeiture until action, and the convening authority approved only so much of the forfeiture as called for two-thirds pay per month for 12 months based on Appellant's new rank and time in service. Article 57(a)(2), UCMJ, 10 U.S.C. § 857(a)(2), permits the convening authority to defer a forfeiture of pay "[o]n application by an accused." Appellant did not raise this as an assignment of error, no prejudice has been alleged from the deferral of forfeitures, and the convening authority approved a lawful sentence.

accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We find the approved sentence to be correct in law and fact based on the entire record. Appellant was found guilty pursuant to his pleas of desertion terminated by apprehension by authorities in a foreign country. Appellant admits the process of locating and apprehending him cost the U.S. Government considerable time, effort, and expense. Appellant also violated a lawful general order for the protection of U.S. service members by traveling through a restricted zone into Mexico.

Appellant also argues that his conditions of pre-trial confinement, primarily being housed with post-trial inmates and the finding of a possible weapon in his cell, warrant sentence relief. Appellant's guilty plea was pursuant to a pre-trial agreement, one provision of which required Appellant to "waive all waivable motions." This provision was discussed in detail with Appellant and his counsel during trial, even to the point of discussing a possible motion under Article 13, UCMJ, 10 U.S.C. § 813, for confinement credit based on alleged illegal pre-trial punishment. Appellant and his counsel elected to take the benefit of the pre-trial agreement and forgo the Article 13, UCMJ, motion. Appellant nonetheless included aspects of his pre-trial confinement conditions in the stipulation of fact, and his counsel argued these matters in sentencing in an effort to obtain a lighter sentence. There is no indication the military judge failed to consider these matters in determining an appropriate sentence. In fact, the military judge expressly stated he would consider this information, and the period of confinement is noticeably less than the period of adjudged forfeitures. It appears Appellant had hoped for a sentence less than what was adjudged and approved, but an unfilled expectation concerning the ultimate sentence does not in and of itself warrant sentence relief by an appellate court.

After reviewing the entire record and giving individualized consideration to the nature and seriousness of the offenses, all evidence presented in mitigation and extenuation as well as the character of the offender, we are convinced the sentence is appropriate. *See United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982).

*Post-Trial Processing*

Appellant also argues that a one-day delay between action and the docketing of the case with this court warrants sentence relief under *Moreno*, 63 M.J. 129 and *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). We review de novo "whether an appellant has been denied the due process right to speedy post-trial review and appeal, and whether constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006).

Under *Moreno*, a case must be docketed with this court within 30 days of action by the convening authority. *Moreno*, 63 M.J. at 142. In this case, the initial convening authority action took place on 27 April 2015. Appellant acknowledges the Government corrected an error in the initial action and issued a second action on 15 May 2015. The case was docketed with this court on 28 May 2015. Based on the circumstances of this case, it is not necessary for this court to evaluate the reason for the second action and whether the *Moreno* standard was triggered by the first or second action because Appellant has failed to show that any relief is warranted for the purported one-day violation of the *Moreno* standard.

While Appellant seeks relatively modest relief of one day of confinement for the alleged one-day delay, his analysis fails to consider all elements of the *Moreno* analysis. If the *Moreno* standard is violated, the delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), and *Moreno*. Those factors are: "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 507 U.S. at 530; *United States v. Morita*, 73 M.J. 548, 567 (A.F. Ct. Crim. App. 2013), *rev'd in part on other grounds*, 74 M.J. 116 (C.A.A.F. 2015).

When we assume error but are able to directly conclude that any error was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor. *See Allison*, 63 M.J. at 370. This approach is appropriate in Appellant's case. The post-trial record contains no evidence that the delay has had any negative impact on Appellant, and Appellant does not cite any specific prejudice. When there is no showing of prejudice under the fourth factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). The record does not reflect an egregious delay, and there was no evidence of bad faith or gross negligence in the post-trial processing. We find that a one-day delay under the circumstances of this case does not warrant sentence relief, especially absent any prejudice to Appellant. Further, we find the post-trial delay in this case is not so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system.

Article 66(c), UCMJ, also empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224. As outlined above, the circumstances of this case do not warrant any sentence relief.

*Conclusion*

The approved findings and sentence are correct in fact and law, and no error materially prejudicial to the substantial right of Appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court